IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3200-D

| | |
|---|---|
| JAMES ANTHONY BARNETT, JR., a/k/a "Lady Ja" Barnett, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MR. MOURING, | )<br>)<br>) |
| Defendant. | ) |

**ORDER**

On June 24, 2022, James Anthony Barnett, Jr. ("Barnett" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 2, 5]. On December 13, 2022, the court denied Barnett's motion to produce documents, conducted its frivolity of the complaint, and allowed the action to proceed [D.E. 12]. On April 10, 2023, defendant answered the complaint [D.E. 23]. On April 17, 2023, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 25]. Barnett moves to amend the caption [D.E. 21], for a court order directing the North Carolina Department of Adult Corrections ("DAC") to produce Barnett's legal materials [D.E. 31], for an extension of the case management deadlines [D.E. 32], and for three blank subpoena forms [D.E. 33].

As for Barnett's motion to amend the caption, Barnett states that Barnett is a transgender woman and seeks to amend the caption to reflect that Barnett is also known as "Lady Ja" Barnett [D.E. 21] 1–2. The court grants the motion. See Barnett v. Brickhouse, No. 5:21-CT-3251, [D.E. 70] (E.D.N.C. Aug. 30, 2022) (unpublished).

As for Barnett's motion for a court order directing the DAC to produce Barnett's legal materials, Barnett states that Barnett's property is being withheld from Barnett pending resolution of a tort claim Barnett filed with the North Carolina Industrial Commission. See [D.E. 31] 1–4; [D.E. 31-1] 16. The court construes the motion as one seeking a temporary restraining order and preliminary injunction. The court has considered the motion under the governing standard. See, e.g., Benisek v. Lamone, 138 S. Ct. 1942, 1943–45 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Barnett has not plausibly alleged that Barnett is likely to succeed on the merits, that Barnett is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in Barnett's favor, or that an injunction is in the public interest. Thus, the court denies the motion.

As for Barnett's motion for three blank subpoena forms, Barnett has not explained why Barnett needs the subpoenas, the benefit to the litigation, or "why [Barnett] cannot obtain the same information, or comparable information" from the defendant. Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir. 2019); see Daniels v. Arnold, No. 2:16-CV-0551, 2020 WL 2084841, at *1 (E.D. Cal. Apr. 30, 2020) (unpublished); Moore v. Mann, No. 3:13-CV-2771, 2015 WL 7454749, at *3 (M.D. Pa. Nov. 24, 2015) (unpublished). Thus, the court denies the motion without prejudice.

As for Barnett's motion for an extension of the case management deadlines, Barnett seeks an additional thirty days to serve defendant with supplement discovery requests. See [D.E. 32] 1–5. The court grants the motion. The parties shall have until August 17, 2023, to complete discovery and until September 15, 2023, to file dispositive motions.

In sum, the court GRANTS plaintiff's motion to amend the caption [D.E. 21], DENIES plaintiff's motion for a court order directing the DAC to produce plaintiff's legal materials [D.E. 31],

2

As for Barnett's motion for a court order directing the DAC to produce Barnett's legal materials, Barnett states that Barnett's property is being withheld from Barnett pending resolution of a tort claim Barnett filed with the North Carolina Industrial Commission. See [D.E. 31] 1–4; [D.E. 31-1] 16. The court construes the motion as one seeking a temporary restraining order and preliminary injunction. The court has considered the motion under the governing standard. See, e.g., Benisek v. Lamone, 138 S. Ct. 1942, 1943–45 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Barnett has not plausibly alleged that Barnett is likely to succeed on the merits, that Barnett is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in Barnett's favor, or that an injunction is in the public interest. Thus, the court denies the motion.

As for Barnett's motion for three blank subpoena forms, Barnett has not explained why Barnett needs the subpoenas, the benefit to the litigation, or "why [Barnett] cannot obtain the same information, or comparable information" from the defendant. Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir. 2019); see Daniels v. Arnold, No. 2:16-CV-0551, 2020 WL 2084841, at *1 (E.D. Cal. Apr. 30, 2020) (unpublished); Moore v. Mann, No. 3:13-CV-2771, 2015 WL 7454749, at *3 (M.D. Pa. Nov. 24, 2015) (unpublished). Thus, the court denies the motion without prejudice.

As for Barnett's motion for an extension of the case management deadlines, Barnett seeks an additional thirty days to serve defendant with supplement discovery requests. See [D.E. 32] 1–5. The court grants the motion. The parties shall have until August 17, 2023, to complete discovery and until September 15, 2023, to file dispositive motions.

In sum, the court GRANTS plaintiff's motion to amend the caption [D.E. 21], DENIES plaintiff's motion for a court order directing the DAC to produce plaintiff's legal materials [D.E. 31],

2

DENIES WITHOUT PREJUDICE plaintiff's motion for three blank subpoena forms [D.E. 33], and GRANTS plaintiff's motion for an extension of the case management deadlines [D.E. 32]. The court DIRECTS the clerk to update the docket to reflect that plaintiff is also known as "Lady Ja" Barnett. The parties shall have until August 17, 2023, to complete discovery and until September 15, 2023, to file dispositive motions.

SO ORDERED. This 19 day of July, 2023.

*Dever*
JAMES C. DEVER III
United States District Judge